# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        vs.                                            Case No. 19-cr-1423 KWR

MOISES ZEPEDA, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANT'S *EX PARTE* MOTION
## FOR SUBPOENA DUCES TECUM

THIS MATTER comes before the Court on Defendant's *Ex Parte* Motion for Rule 17(c) Subpoena, filed December 16, 2019 **(Doc. 26)**. Having considered the motion and the relevant law, finds that the motion is well-taken in part and will be **GRANTED** in part.

## BACKGROUND

Defendant is charged by indictment with one count of possession with intent to distribute a controlled substance, 500 grams or more of a mixture containing a detectable amount of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant seeks the issuance of a subpoena *duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for four specific categories of documents or video. Defendant contends that the requested documents or video are necessary, relevant, admissible and specific in both description and time-frame.

## DISCUSSION

**I.    Legal Standard**

    A.    <u>Federal Rule of Criminal Procedure 17</u>

Federal Rule of Criminal Procedure ("Rule") 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them. Specifically, under Rule 17(a), any party who is able to pay the fees and mileage of a subpoenaed witness may cause a blank subpoena to be issued by the clerk of the court as a matter of course, and without judicial intervention, and may then fill in the time and place at which the witness must attend and testify. Fed. R. Crim. P. 17(a).

Rule 17(b) describes the procedure for defendants who are unable to pay the required fees: "[u]pon a defendant's *ex parte* application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."). Fed. R. Crim. P. 17(b). "The Government is not notified of the proceeding and therefore defendant is not forced to disclose potential defense witnesses or their expected testimony." *United States v. Florack*, 838 F. Supp. 77, 78 (W.D.N.Y. 1993). "Although prior judicial authorization is required, the *ex parte* nature of the Rule 17(b) application [thus] serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Rule 17(c) in turn governs the issuance of subpoenas *duces tecum*, and enables either party to obtain documents or other physical evidence. Specifically, Rule 17(c)(1) provides:

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Thus, unlike a trial subpoena issued under Rule 17(a) or 17(b), Rule 17(c) provides that a subpoena *duces tecum* may be made returnable *before* trial. *Id.*; *see also*

*United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) (Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.").  However, Rule 17(c) provides no specific direction as to the proper procedure by which a party obtains a pretrial subpoena *duces tecum,* and courts have interpreted the language of the Rule to "indicate[] that an application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule 17(a) and 17(b) dealing with the issuance of trial subpoenas."  *Reyes*, 162 F.R.D. at 469; *United States v. Nelson,* No. CR 15-2023, *2.

B.	*Ex Parte* Applications for Pretrial Production

Absent a clear directive in the text of Rule 17(c) as to the proper procedure for obtaining pretrial production pursuant to a subpoena *duces tecum*, courts have "split as to whether a party may make an *ex parte* application for a pretrial subpoena *duces tecum*."  *United States v. Sellers*, 275 F.R.D. 620, 624 (D. Nev. 2011).  The Tenth Circuit has not yet ruled on the issue, and in the absence of binding authority to the contrary, this Court is persuaded that indigent defendants should be permitted to make an application for the pretrial production of documents *ex parte*. *Compare United States v. Nelson,* No. CR 15-2023, *3-4 (same); *United States v. Hargrove*, No. 11-cr-326, 2013 WL 3465791, *4 (D. Colo. July 9, 2013) (same); *United States v. Vigil*, No. CR 10-2310, 2013 WL 3270995, *17-18 (D.N.M. June 3, 2013) (same); *Sellers*, 275 F.R.D. at 625; *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997) ("Rule 17(c) authorizes ex parte procedure with respect to the issuance of pretrial subpoenas only in exceptional circumstances");[1] *Reyes*, 162 F.R.D. at 470-71 (same).  The Court agrees that:

---

[1]  In *Beckford,* the Eastern District of Virginia found that while an *ex parte* procedure is ordinarily "unnecessary and thus inappropriate," certain conditions must be met before the *ex parte* process was permitted:

3

> [t]here are strong policy reasons in favor of an *ex parte* procedure. If a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled. In addition, a party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfied the *Nixon* standards of specificity, relevance, and admissibility. If a full adversary hearing were required to obtain a subpoena *duces tecum*, a party would be forced to reveal this information to the opposing side, a result which would occur even if a court declined to issue the subpoena. In this vein, the Court is mindful that it is often defendants who seek a subpoena *duces tecum* on an *ex parte* basis in order to avoid disclosing their trial strategy to the Government.

162 F.R.D. at 470.

Although the Court finds that an *ex parte* application for a subpoena *duces tecum* ordering pretrial production of evidence is permissible, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise." *Sellers*, 275 F.R.D. at 625. The plain language of Rule 17(c) authorizes the court to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence," and once "the items arrive," to "permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c) (emphasis added). Accordingly, while the Court will permit Defendant's motion to remain *ex parte* and under seal, it will direct that the Government have access to the material produced, as ordered below.

C. Standard for Pretrial Production

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220. Accordingly, a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably

---

when the mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant.

964 F.Supp. at 1030.

to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700). In order to meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon,* 418 U.S. at 700). It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use." *Sellers,* 275 F.R.D. at 624. "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'" *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221).

**II.     The Instant Case**

The Court finds that Defendant, who is indigent, has properly made his motion *ex parte,* and in order to avoid divulging defense counsel's trial strategy or work product, the motion will remain *ex parte* and sealed.

The Court also finds that Defendant has satisfied the *Nixon* test and established good cause for the subpoena as to the specific category of documents sought in the Motion; and that the requested documents are necessary, relevant, admissible, and specific in both description and time-frame.

Defendant has further demonstrated that he is acting in good faith and not attempting to conduct a general fishing expedition, and that he needs the material sought to assist him in his defense against the government's allegations against him in this case. Accordingly, the Court will allow Defendant to request production of the category of documents he seeks through a Rule 17(c) subpoena *duces tecum*.

However, Defendant requests that the Court order the third-party subject to the Rule 17(c) subpoena not to disclose the existence of this motion and opinion to the United States Attorney's

Office. Defendant has not cited to any authority allowing the Court to issue such an order, and the Court otherwise finds Defendant's request not well-taken.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Ex Parte* Motion for Rule 17(c) Subpoena **(Doc. 26)** is **GRANTED** in part as follows:

1. The Clerk's Office shall issue the Subpoena, and once the Subpoena has been issued, the Clerk's office shall contact defense counsel.

2. Defense counsel shall be responsible for service of the Subpoena upon the third-party.

3. The requested materials shall be due no later than **thirty (30) days** from the date of receipt of the Subpoena by the third-party.

4. As envisioned under Rule 17(c)(1), the third-party shall produce the requested material and documents to the Court, at which time the Court will notify both parties that the documents are available for inspection and copying, unless the parties mutually agree upon a different designated place for delivery and inspection of the documents, in which case Defendant shall notify the third-party on the mutually acceptable location for delivery.

5. The third-party shall have **thirty (30) days** from the date it receives the Subpoena to file a motion to quash the Subpoena in accordance with Fed. R. Crim. P. 17(c)(2). If the third-party files a motion to quash within the time period allowed as to some but not all of the documents, those documents not subject to an objection shall be produced no later than **thirty (30) days** for the date of receipt of the Subpoena by the third party.

6. The requested materials shall be produced at the following address (**unless otherwise agreed by the parties, as described above**):

Chambers of United States District Judge Kea Riggs
Pete V. Domenici United States Courthouse
333 Lomas Boulevard, N.W., Suite 740
Albuquerque, New Mexico 87102

7. Defendant's *Ex Parte* Motion shall remain under seal.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
United States District Judge