# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA

       Plaintiff,

    vs.                           Case No. 1:19-cr-01423 KWR

MOISES ZEPEDA, Jr.,

       Defendant.

## ORDER DENYING MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Defendant's Motion to Compel Discovery (**Doc. 49**). Having reviewed the pleadings, the Court finds that Defendant's motion is not well taken and, therefore, is **DENIED.**

## BACKGROUND

Defendant was charged with possession with intent to distribute 500 grams and more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), on or about April 28, 2019.

The Court held an evidentiary suppression hearing. On April 28, 2019, Special Agent ("SA") Jarrell Perry was working drug interdiction at the Greyhound bus terminal in Albuquerque, New Mexico. A bus was scheduled to arrive at 10:00 a.m. and depart at 11:15 a.m. **Doc. 43 at 9.** Passengers were required to de-board the bus while it was serviced and refueled. **Doc. 43 at 9.** SA Perry boarded the bus before passengers re-boarded and stood at the back of the bus. *Id.* **at 10.**

SA Perry was already speaking to other passengers when he observed Defendant walk down the aisle of the bus with two bags, a duffel bag and Nautica bag. Defendant placed the duffel bag and Nautica bag on the overhead rack across the aisle from his seat. *Id.* **at 18-19.**

After speaking to approximately ten other passengers, SA Perry approached Defendant and asked for consent to speak with him. **Ex. 1a.** Defendant gave SA Perry permission to speak to him. SA Perry told Defendant that was a police officer and there for security. In summary, he asked where Defendant was coming from and where he was going, talked about the weather and football, asked to see his ticket and identification, and asked if he had any luggage with him. Defendant said he only had a black duffel bag with him. SA Perry asked for consent to search the duffel bag for "contraband". Defendant gave consent to search the duffel bag. SA Perry then asked if Defendant had any other luggage, and defendant said no.

SA Perry asked if the Nautica bag was his, and Defendant said it was not. SA Perry asked a series of questions, and touched the Nautica bag, to confirm that the bag did not belong to Defendant. **Doc. 43 at 23-24, 107-08** (SA Perry testified that when he asks "how about this bag here" he was touching the Nautica bag). Defendant repeatedly denied the bag was his. SA Perry then ended the encounter, took the abandoned Nautica bag off the bus and searched it. He found bundles which he believed contained methamphetamine. After about a minute, he boarded the bus and arrested Defendant. He believed the Nautica bag belonged to Defendant because both he and SA Lemmon observed Defendant carry the bag on the bus.

SA Perry's recorded interaction with Defendant lasted approximately 2 minutes and 50 seconds. *See* **Ex. 1A from 8:20 to 11:10**.

Defendant sought documents from Greyhound pursuant to a Rule 17(c) subpoena prior to holding the suppression hearing.  The Court held an evidentiary hearing on September 9, 2020. The Court denied the suppression motion.  **Doc. 48.**

The DEA-6 report of investigation filed by SA Perry notes there is a "cross file" or "related file", and the identifying information is blacked out.  He testified he did not learn about this "related file" until several days after Defendant was arrested.  The "related file" was a Dallas DEA investigation.  Defendant's telephone number potentially tied him to the Dallas case.

The Court concludes this matter is fully briefed as no reply was filed.

## DISCUSSION

Defendant seeks the case name or identifying information for the "cross file" or "related case" pursuant to Rule 16 and *Brady*.  Defendant asserts the requested discovery is relevant to (1) his state of mind, i.e., whether he knew he was carrying contraband and (2) a potential duress defense.

## I.   Relevant Law.

The *Brady* rule, Rule 16, and the Jencks govern the discovery to which the defendant is entitled. *United States v. Griebel*, 312 Fed. Appx. 93, 95-96 (10th Cir. 2008) (noting the "[G]overnment's discovery obligations [ ] are defined by Rule 16, *Brady, Giglio* and the Jencks Act" and stating the defendant's request to expand his discovery rights beyond those three sources was unsupported by the law).

### A.   Rule 16

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

(E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or

portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item it its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Although Rule 16's language is permissive, it does not authorize "a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition." *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) (citing *Jencks v. United States*, 353 U.S. 657, 667 (1957)). A defendant must make a *prima facie* showing of materiality before he is entitled to obtain requested discovery. *See United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* Rule 16 also does not obligate the United States to "take action to discover information which it does not possess." *United States v. Badonie*, 2005 WL 2312480, at *2 (D.N.M. Aug. 29, 2005) (quoting *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991)) (internal quotation marks omitted).

Evidence is "material" under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, ... or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (internal quotation marks omitted) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)) (internal quotation marks omitted). "Although the materiality standard is not a heavy burden, the Government need disclose rule 16 material only if it enables the defendant significantly to alter the quantum of proof in his favor." *United States v. Graham*, 83 F.3d at 1474 (alterations, citations, and internal quotation marks omitted).

**B.** *Brady*

The *Brady* doctrine was established by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87 (1963):

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The United States Supreme Court in *Kyles v. Whitley*, 514 U.S. 419 (1995), described the responsibility of the government in dealing with *Brady*:

> But the prosecution, which alone can know what is undisclosed, must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable provability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecution succeeds or fails in meeting this obligation, the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of important is inescapable.

*Id.* at 437-38. *Brady* also extends to evidence affecting witness credibility. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

The government is not required to produce evidence simply because it might be exculpatory. *United States v. Agurs*, 427 U.S. 97, 110, n. 16 (1976) ("It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information."); *United States v. Fleming*, F.3d 1325, 1331 (10th Cir. 1994) (noting "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard."). Moreover, the Court does not have a duty to directly supervise the government's disclosure of *Brady* information, as such supervision would necessitate a complete review of all material gathered during the government's investigation. *See United States v. McVeigh*, 923 F. Supp. 1310, 1313 (D. Colo. 1996). Rather, the duty to determine what disclosure is required under *Brady* rests with the prosecution. *See Bank v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995); *McVeigh*, 923 F. Supp. at 1313. The Court should rely on the government's representations of its compliance with *Brady* unless the defendant shows

cause to question them and the materiality of the evidence sought. *See McVeigh*, 923 F. Supp. at 1314; *see also Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("[o]rdinarily, we presume that public officials have properly discharged their official duties."). *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (noting that where a defendant only makes a general request for exculpatory material under *Brady*, the government decides which information must be disclosed).

## II.   Analysis.

Defendant requests the name of or identifying information for the "related case file" but does not seek any specific material within it.  He argues that the requested discovery is material to (1) his state of mind, such as whether he knew he was transporting contraband and (2) a potential duress defense.  Defendant has not pointed to any specific exculpatory or material evidence. Rather, he seeks the identity of a Dallas DEA case file in which the case agent here – SA Perry – knows nothing about.  The Court concludes that this request is a mere fishing expedition, and any materiality is speculative and conclusory.

The Government represents as follows.  After Defendant was arrested, the Albuquerque DEA office filed a Significant Enforcement Activity Report ("SEAR"), sharing Defendant's telephone number.  The Dallas DEA office notified SA Perry that the telephone number developed from Defendant may have tied the Defendant to a case that the Dallas DEA office was working on.  Defendant may have been transporting the narcotics to subjects in Dallas.  SA Perry testified that he did not know anything about a related case until several days after he had arrested Defendant.  SA Perry does not know anything about the cross file and does not know anything about Defendant's possible relationship to it.  **Doc. 50.**   Defendant did not challenge these representations.

These representations are consistent with SA Perry's testimony and the Government's argument at the suppression hearing.  In his official report of investigation, SA Perry marked a box titled "related file".  SA Perry blacked out the related file's identifying information.  SA Perry testified that he did not know about the "related file" until several days after Defendant's arrest.

Defendant seeks the name or identifying information for the related case file.  As the Government argues, Defendant has not carried his *prima facie* burden.  Any materiality to his defense is speculative or conclusory.  There is nothing in the pleadings or record to suggest that the identification of another investigation of other individuals would lead to exculpatory evidence or discovery material to his defense.  Rather, granting the motion to compel would allow Defendant to engage in a "broad or blind fishing expedition among documents possessed by the Government." *Jencks v. United States,* 353 U.S. at 657, 77 S.Ct. 1007, *quoted in United States v. Burton*, 81 F. Supp. 3d 1229, 1254 (D.N.M. 2015).

Moreover, considering the current record, Defendant's connection to the Dallas case is tenuous and based solely on his telephone number.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Discovery **(Doc. 49)** is hereby **DENIED.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE